# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **CV 17-8468 FMO (SSx)** | Date | **December 13, 2017** |
|---|---|---|---|
| Title | **Joseph Saladino, et al. v. Ben Phillips Media, Ltd., et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal for Lack of Jurisdiction

On November 20, 2017, plaintiffs filed the Complaint initiating this action. (Dkt. 1). Subject matter jurisdiction is based on diversity jurisdiction, as plaintiffs allege that "the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000." (Id. at ¶ 7).

The court has limited subject matter jurisdiction and "diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants." See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 991 (9th Cir. 1994). Here, plaintiff Joseph Saladino resides in California while plaintiff Jake Boys resides in the United Kingdom. (See Dkt. 1, Complaint at ¶¶ 1-2). Defendant Ben Phillips Media, LTD is a United Kingdom company with its principal place of business in London while defendant Benjamin Keseru Phillips resides in London, United Kingdom. (See id. at ¶¶ 3-4). The presence of a citizen plaintiff "does not salvage jurisdiction because diversity must be complete." Nike, 20 F.3d at 991; Matao Yokeno v. Sawako Sekiguchi, 754 F.3d 649, 652 (9th Cir. 2014) ("We have repeatedly confirmed the application of this [complete diversity] rule in alienage cases, refusing to hear disputes between aliens for lack of statutory jurisdiction even when a citizen party – and thus constitutionally required minimal diversity – is present."); Expeditors Int'l of Washington, Inc. v. Expeditors (Japan), Ltd., 224 F.R.D. 661, 664 (W.D. Wash. 2004) ("even the presence of a citizen plaintiff does not salvage jurisdiction because diversity must be complete").

Accordingly, IT IS ORDERED THAT no later than **December 21, 2017**, plaintiffs shall show cause in writing why the action should not be dismissed without prejudice for the reasons noted above. **Failure to submit a response by the deadline set forth above may be deemed as consent to the dismissal of the action without prejudice and/or failure to comply with a court order.**

| | Initials of Preparer | vdr |
|---|---|---|